## DE WITT C. HAY *vs.* ROBERT HALL.

A complaint alleged that the defendant, being desirous of purchasing flour, for shipment abroad, but not being able to make such purchases in his own name, he applied to C. for leave to make purchases in C.'s name; and that it was agreed between them that the defendant might make such purchases in the name and upon the responsibility of C., and that he should pay to C. the amount thereof, *so as* to save C. harmless by reason of such purchases. That the defendant accordingly bought. in C.'s name, flour to the amount of $86,939.20; all of which the defendant received and shipped in his own name, and had the benefit of, and for which he promised to pay C. That $3500 remained unpaid to C. That C. had assigned his claim to H., who had assigned the same to the plaintiff. *Held*, on demurrer, that the action was not upon an agreement to *save C. harmless;* but that the legal effect of the arrangement was that C. bought the flour, by the defendant as his agent, and let the defendant have the same, who paid C. for it, with the exception of $3500.

*Held also*, that it was not necessary for the plaintiff to allege that C. had paid for the flour, or had sustained any other damage than the non-payment of the $3500 by the defendant. Demurrer overruled.

Hay *v.* Hall.

APPEAL from an order entered at a special term, overruling a demurrer to the complaint. The complaint alleged that at the city of New York, in or about the month of November, 1856, the defendant being desirous of purchasing flour for shipment abroad, but not being able to make such purchases in his own name, applied to one Angus Cameron for leave to make purchases in his, Cameron's, name, and it was thereupon agreed by and between said Cameron and the defendant, that the defendant might make such purchases in the name and upon the responsibility of said Cameron, and that he should pay to said Cameron the amount thereof so as to save the said Cameron harmless by reason of such purchases. That in pursuance of such arrangement the defendant, between the 15th November, 1856, and the 14th January, 1857, bought in said Cameron's name and upon his said Cameron's responsibility, flour to the amount of $86,939.20, all of which the defendant received and shipped in his own name and had himself the benefit of, and for which the defendant promised to pay said Cameron; that the defendant made payments to said Cameron, on account of said flour, to a large amount, but left unpaid to said Cameron, on the first day of May, 1857, a balance of over $3500. The plaintiff further alleged, that on the 1st day of May, 1857, the said Angus Cameron duly assigned, transferred and set over the said claim against the defendant to one Frank Hay, who afterwards, and before the commencement of this action, duly assigned the same to the plaintiff, who is now the lawful owner and holder thereof. That the said claim had not been paid, or any part thereof, although the defendant had often been requested to pay the same, but had hitherto wholly neglected and refused to pay the said balance, and the same remains wholly due and unpaid to the plaintiff. The plaintiff claims judgment against the defendant for the sum of $3500, and interest thereon from the 1st day of May, 1857, besides costs.

The defendant, by his demurrer, alleged the following grounds of objection to the complaint: 1. That the complaint

did not state facts sufficient to constitute a cause of action. 2. That it did not allege that Cameron had paid for the flour alleged to have been purchased in his name by the defendant. 3. That it did not allege any damage to Cameron by reason of the defendant's acts or omissions. 4. That it did not allege that said flour had not been paid for to the persons from whom it was purchased. 5. That the complaint did not allege notice to the defendant of the assignment from Cameron to Hay. 6. That it did not allege non-payment of the claim by the defendant to Cameron. 7. That it did not allege notice of the assignment from Frank Hay to De Witt C. Hay. 8. That it did not allege non-payment to Frank Hay. 9. That it did not allege any damage sustained by Cameron in consequence of the alleged breach thereof before the assignment to Hay. 10. Because no action can be sustained by an assignee upon an agreement to save harmless, unless damage has actually accrued from the breach thereof to the assignor thereof, before the assignment. 11. Because any claim which Cameron had against the defendant was not assignable.

The demurrer was argued at a special term, before Justice CLERKE, who assigned the following reasons for his judgment.

" It is a mistake to term the agreement set forth in the complaint an agreement to *save harmless.* The complaint shows, although with unnecessary particularity, and with superfluous allegations, that the defendant, with Cameron's permission, purchased flour in Cameron's name and on Cameron's responsibility. On this purchase Cameron, therefore, became the owner of the flour; consenting to let the defendant receive it and enjoy the benefit of it—the complaint expressly stating that the latter expressly promised to pay Cameron for it—which, it alleges, he has failed to do. It was not therefore necessary to allege actual payment by Cameron to the persons from whom the flour was purchased in his name, or to make any of the other allegations insisted on by the demurrer.

Demurrer overruled, with costs : with liberty to the defendant to answer within ten days, on payment of costs."

The defendants appealed from this order to the general term.

*S. P. Nash,* for the plaintiff.

*Ph. S. Cooke,* for the defendant.

*By the Court,* SUTHERLAND, J. Contrary to my first impression, I think the judgment rendered at the special term, overruling the defendant's demurrer in this case, was correct and should be affirmed. The counsel for the defendant is mistaken in supposing that the action is on an *agreement to save harmless.* It is true, the complaint alleges that the defendant agreed to pay to Cameron, (the assignor of Frank Hay, the immediate assignor of the plaintiff,) the amount he would be liable to pay for the flour (from its purchase in his name and with his consent, and on his responsibility) to save Cameron harmless; but this is a mere allegation of the *object* or *purpose* of the agreement, probably unnecessarily made, and not of the legal effect of the agreement as stated in the complaint, viewed in its relation to the other facts stated in the complaint. The complaint alleges that the defendant being desirous of purchasing flour for shipment abroad, but not being able to make such purchases in his own name, applied to Cameron for leave to make purchases in his, Cameron's, name; and that it was agreed by and between Cameron and the defendant, that the defendant might make such purchases in the name and upon the responsibility of the said Cameron; and that he should pay to Cameron the amount thereof, *so as* to save the said Cameron harmless by reason of such purchases. That in pursuance of such arrangement the defendant, in November, 1856, and January, 1857, bought in said Cameron's name flour to the amount of $86,939.20, all of which the defendant received and shipped in his own name, and had the benefit of, and for which he promised to pay Cameron; that the defendant had made payments to Cameron for a large amount, but left unpaid on the 1st day of May, 1857, $3500.

Now the legal effect of all this is, that Cameron bought the

flour by the defendant as his agent, and let the defendant have the flour, who paid Cameron for it, with the exception of $3500; and the complaint alleges that Cameron's claim for that balance had been assigned by Cameron to Frank Hay, and by the latter to the plaintiff. The defendant is not liable to the party or parties of whom the flour was bought, and it is of no consequence to him whether Cameron has or has not paid for the flour. Supposing Cameron had not paid for the flour, that is no reason why the defendant should not do as he agreed, and pay Cameron, as the defendant had the flour.

It was not necessary for the plaintiff to allege that Cameron had paid for the flour, or had sustained any other damage than the non-payment of the $3500 by the defendant. Nor is it necessary, in my opinion, in aid of the plaintiff's complaint, to invoke the principle of the cases of *Thomas* v. *Allen,* (1 *Hill,* 145,) and *Churchill* v. *Hunt,* (3 *Denio,* 323.)

If the defendant has paid either the original sellers and holders of the flour, or Cameron, before or since the assignment without notice, that is matter of defense.

The judgment given at the special term must be affirmed, with costs.

[NEW YORK GENERAL TERM, September 20, 1858. *Davies, Hogeboom* and *Sutherland,* Justices.]